UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DERALD JOHNSON, ) | |
| ) | |
|     Movant, ) | |
| ) | |
| vs. ) | Case No. 4:03CV1376 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed September 22, 2003. (Doc. No. 1). The matter is fully briefed and ready for disposition.

## **BACKGROUND**

Movant, Michael Derald Johnson ("Movant"), was charged by indictment with one count of Felon in Possession of a Firearm, in violation of Title 18, United States Code, § 922(g)(1). (4:02CR423 JCH, Doc. No. 1). On December 2, 2002, Movant entered a plea of guilty to Count I of the indictment. (4:02CR423 JCH, Doc. No. 21). On March 13, 2003, the Court sentenced Movant to 33 months imprisonment, followed by three years supervised release. (4:02CR423 JCH, Doc. No. 29).[1] On July 24, 2003, the Court granted Movant leave to appeal his conviction and sentence out of time. (4:02CR423 JCH, Doc. No. 37). On September 2, 2003, however, the Eighth Circuit Court of Appeals granted Movant's motion to dismiss his appeal. (4:02CR423 JCH, Doc. No. 45).

---

[1] Movant's attorney did not file any objections to the Pre-sentence Investigation Report, nor did he posit objections during the sentencing hearing itself. (See 4:02CR423 JCH, Doc. No. 28).

As stated above, Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on September 22, 2003. In his § 2255 Motion, Movant presents the following grounds for relief:

1) Movant was denied effective assistance of counsel in violation of the Sixth Amendment, in that his counsel:

   a) Failed to inform Movant of his right to appeal;

   b) Failed to file a motion for an evidentiary hearing;

   c) Failed to, "contact the witness or paid attorney on record (Clyde Cahill)";

   d) Failed to object to portions of the Pre-sentence Investigation Report, as requested by Movant;

   e) Failed to seek a downward departure; and

   f) Failed to call character witnesses to testify at Movant's sentencing hearing; and

2) Movant's rights under the Fourth Amendment were violated, as the seizure of the firearm was unconstitutional.

(§ 2255 Motion, PP. 4-5).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on

collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (Citation omitted).

## DISCUSSION

I.  **Ineffective Assistance Of Counsel Claims**

    A.  **Standard For Claim Of Ineffective Assistance Of Counsel**

    In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

With these standards in mind, the Court turns to a discussion of Movant's claims of ineffective assistance of counsel.

### B. Ground 1

In Ground 1 of his § 2255 Motion, Movant contends he was denied effective assistance of counsel in violation of the Sixth Amendment, in that his counsel failed to inform Movant of his right to appeal. (§ 2255 Motion, P. 4). Upon consideration, the Court finds that with this claim, Movant satisfies neither prong of the Strickland test. First, with respect to allegedly deficient performance, the Court notes that the plea agreement in Movant's criminal case, signed by Movant and his attorney, contains the following relevant language: "The defendant has been fully apprised of his rights to appeal by his attorney including his right to appeal his sentence under Title 18, U.S.C., Section 3742." (See 4:02CR423 JCH, Doc. No. 22, P. 2). In light of Movant's signed acknowledgment that his attorney did inform him of his right to appeal, the Court cannot find Movant's attorney's actions fell without the "wide range of professionally competent assistance" sanctioned by Strickland.

With respect to Strickland's second prong, the Court finds Movant fails to demonstrate the requisite prejudice as well. Specifically, the Court notes that Movant himself requested and was granted the right to appeal his conviction and sentence. (See 4:02CR423 JCH, Doc. No. 37). Movant's appeal failed to move forward only because Movant himself moved for its dismissal. (See

4:02CR423 JCH, Doc. No. 45). Movant thus was not denied the right to an appeal, and so his claim of prejudice must fail. Ground 1 is denied.

### C. Ground 2

In Ground 2 of his § 2255 Motion, Movant asserts he was denied effective assistance of counsel in violation of the Sixth Amendment, in that his counsel failed to file a motion for an evidentiary hearing. (§ 2255 Motion, P. 4). Upon consideration, the Court finds that with this claim, Movant fails to demonstrate his attorney's performance was deficient, as required by Strickland. As noted above, under Strickland counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. In the instant case, the Court notes that on November 6, 2002, Movant's attorney filed a Memorandum in Movant's criminal case, stating in relevant part as follows:

> Comes Michael D. Johnson, by counsel Brian S. Witherspoon, Assistant Federal Public Defender, and advises the Court that, having discussed the possible evidence in this case, as well as pre-trial motion practice, Mr. Johnson waives without prejudice his right to file pre-trial motions and to a pre-trial motion hearing. No motions will be filed and no hearing will be necessary.

(See 4:02CR423 JCH, Doc. No. 16). Further, Movant's plea agreement, signed by Movant and his attorney, states in relevant part as follows:

> The defendant has been fully apprised of his constitutional rights by his attorney, and understands that he has an absolute right to plead not guilty to the charges; that he has the right to file pre-trial motions, including those to suppress evidence against him;....The defendant further understands that by this guilty plea, he expressly waives all the rights set forth in this paragraph. Defendant's attorney has explained these rights to him and the consequences of his waiver of those rights.

(See 4:02CR423 JCH, Doc. No. 22, P. 9). Under these circumstances, the Court finds Mr. Witherspoon's actions in declining to file pre-trial motions fell within the "wide range of

professionally competent assistance" sanctioned by Strickland, and thus his performance was not constitutionally deficient. Ground 2 is denied.

**D.     Ground 3**

In Ground 3 of his § 2255 Motion, Movant contends he was denied effective assistance of counsel in violation of the Sixth Amendment, in that his counsel failed to, "contact the witness or paid attorney on record (Clyde Cahill) who represented [Movant] on the matter of (May 26, 2001)." (§ 2255 Motion, P. 4). Upon consideration, the Court finds that with this claim, Movant fails to demonstrate his attorney's performance was deficient, as required by Strickland. As noted above, under Strickland counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. In the instant case, the Court notes that Movant's plea agreement, signed by Movant and his attorney, states in relevant part as follows: "The defendant states that he is fully satisfied with the representation he has received from his counsel. He has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with his counsel. His counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and his defenses." (See 4:02CR423 JCH, Doc. No. 22, P. 9 ). In light of Movant's acknowledgment both of his opportunity to discuss possible defenses and defense witnesses with his attorney, and of his satisfaction with his attorney's performance, the Court finds Mr. Witherspoon's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland. His performance thus was not constitutionally deficient, and so Ground 3 must be denied.

**E.     Ground 4**

In Ground 4 of his § 2255 Motion, Movant contends he was denied effective assistance of counsel in violation of the Sixth Amendment, in that his counsel failed to object to portions of the Pre-sentence Investigation Report, as requested by Movant. (§ 2255 Motion, P. 4). Upon consideration, the Court finds that with this claim, Movant fails to demonstrate his attorney's performance was deficient, as required by Strickland. As noted above, under Strickland counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. In the instant case, the Court notes that Movant's attorney, in the presence of Movant, informed the Court that Movant had no objections to the Pre-sentence Investigation Report. (Sentencing Hearing Transcript, P. 2). Movant did not contradict his attorney at that time, nor did he inform the Court of any objections during his own address to the Court during sentencing. (Id., PP. 5-8; see also 4:02CR423 JCH, Doc. No. 28). Under these circumstances, the Court finds Mr. Witherspoon's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland. His performance thus was not constitutionally deficient, and so Ground 4 must be denied.

**F.    Ground 5**

In Ground 5 of his § 2255 Motion, Movant contends he was denied effective assistance of counsel in violation of the Sixth Amendment, in that his counsel failed to seek a downward departure. (§ 2255 Motion, P. 4). Movant offers the following allegations in support of his claim for a downward departure: (1) that Movant was responsible for the care and support of his mother and estranged wife; (2) that he did not knowingly possess the firearm; (3) that he had maintained consistent employment prior to the arrest; (4) that in 1986, Movant received a grand jury award for his cooperation with the authorities in the capture of a man who robbed/assaulted another man; and (5) that Movant's criminal history occurred a long time ago. Upon consideration, however, the Court

finds that, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice, as his articulated bases either are refuted by the record, or do not justify a downward departure under the United States Sentencing Guidelines. Movant's attorney's failure to file a motion for a downward departure thus did not result in prejudice to Movant, and so Ground 5 must be denied.

### G. Ground 6

In Ground 6 of his § 2255 Motion, Movant contends he was denied effective assistance of counsel in violation of the Sixth Amendment, in that his counsel failed to call character witnesses to testify at Movant's sentencing hearing. (§ 2255 Motion, P. 5). Upon consideration, the Court finds that, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. Specifically, the Court notes that prior to the sentencing hearing, it received and reviewed several letters from individuals close to Movant, offering their support of Movant. (See 4:02CR423 JCH, Doc. No. 30). Movant here fails to specify the nature of the other character witnesses' alleged testimony, or how it would have differed from that already received. Movant thus fails to demonstrate the requisite prejudice, and so Ground 6 must be denied.

## II. Unconstitutional Seizure

In Ground 7 of his § 2255 Motion, Movant alleges his rights under the Fourth Amendment were violated, as the seizure of the firearm was unconstitutional. (§ 2255 Motion, P. 5). As stated above, however, Movant knowingly waived his right to an evidentiary hearing to suppress evidence. (See 4:02CR423 JCH, Doc. Nos. 16, 22, P. 9). Further, the Court notes this claim is defaulted, as it should have been raised on direct appeal.[3] Ground 7 is denied.

---

[3] As noted above, Movant was granted the right to appeal his conviction and sentence, but declined to pursue the appeal.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 17th day of July, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE